CHARLES COOPER, Appellant, v. CITIZENS NATIONAL BANK, Respondent.

**Kansas City Court of Appeals, December 17, 1900.**

1. **Estoppel:** CONSIDERATION: DELIVERY OF NOTICE: DEBT OF ANOTHER. Where a plaintiff was present at a settlement between two other parties and one of such parties is found to be the debtor of the other, and the plaintiff consents to the debtor's turning over plaintiff's notes in payment or security of such debt, he can not replevin such notes from the creditor; since the debt is sufficient consideration for his assent.

2. **Appellate and Trial Practice:** WEIGHING EVIDENCE. Where the evidence is not clear and satisfactory on the questions of fact at issue, the trial court who hears and sees the witnesses can come to a more correct conclusion than the appellate court.

Appeal from the Livingston Circuit Court.—*Hon. E. J. Broaddus,* Judge.

AFFIRMED.

*Miller Bros.* for appellant

(1) There was no transfer of the notes by Charles Cooper, the owner and payee, and an indorsement by Hicks of his (Hicks') name on the back still transferred no title. Dorn v. Parsons, 56 Mo. 601. (2) No transfer could be binding without a consideration. If, as defendant insists, Cooper agreed to the transfer by Hicks, there is no consideration for this transfer and it is void. Howard v. Jones, 10 Mo. App. 85; Tiedeman on Commer. Paper, sec. 151; Freeman v. Bing-

ham, 65 Ga. 580; Frederick v. Wynans, 51 Wis. 472; Bingham v. Kunball, 17 Ind. 396; Stoudenmire v. Ware, 48 Ala. 589; Howard v. Jones, 10 Mo. App. 85. (3) Cooper was a stranger to the transaction between Hicks and Evans, and Hicks could not, by mere delivery, transfer notes he was in unlawful possession of to his creditors, and such indorsement would not be prima facie. Cavitt v. Tharp, 30 Mo. App. 135; Dorn v. Parsons, 56 Mo. 601; Daniel on Neg. Inst., secs. 677, 1354; Story on Promissory Notes, secs. 381, 383. (4) The law given by the court for the plaintiff is correct, and under said law, as applied to the facts, the verdict should have been for plaintiff; and this court will reverse the action of the trial court, when sitting as a jury, when the law as given will not bear out the verdict. The law given is supposed to construe the facts, and if the law as given should warrant a different verdict, applied to the facts, then this court will reverse. Myers v. Miller, 55 Mo. App. 348; Suddarth v. Robertson, 118 Mo. 286; Howard v. Ins. Co., 6 Mo. App. 577.

*Sheetz & Sons* for respondent.

(1) Appellant can not now claim that there was no evidence on which to base said instruction, because in the court below he adopted the same theory in his instruction. Straat v. Hayward, 37 Mo. App. 590. The instructions of appellant assume there was such evidence, and this is fatal to his present contention. Connoble v. Clark, 38 Mo. App. 480; Haggard v. Ins. Co., 53 Mo. App. 106. (2) If there was any evidence on the subject, however slight, appellant is estopped. State ex rel. v. Durant, 53 Mo. App. 498. (3) The testimony of appellant affords no explanation of the fact that Edgerton took these notes and in his presence offered to trade them as the owner of them, without any objection. The fact that the

Cooper v. Bank.

check of J. W. Hicks to Dan Williams was not collected by him can not affect the transaction with Edgerton. (4) This cause was tried by the court without a jury, and it is most respectfully submitted that the finding of the court that appellant owed Hicks and paid him with the notes in suit, and that Hicks gave them to Edgerton in payment of and security for his debt to M. W. Evans, was amply supported by the evidence.

ELLISON, J.—This action is repelvin for certain promissory notes alleged to belong to plaintiff. The judgment in the trial court was for defendant.

It appears that plaintiff and one Hicks were partners and that they had a lot of partnership notes—that these and some individual notes belonging to plaintiff were in possession of Hicks. The latter was indebted to one Evans and a difficulty occurring in regard to the title to the real estate which he had deeded to Evans as security, he turned over to him by indorsement the notes aforesaid including the individual notes belonging to plaintiff and which are now in controversy. There was evidence tending to show that plaintiff was present, when the notes were finally delivered to Evans' agent, and consented thereto. But it is said that there was no consideration supporting the consent on plaintiff's part to Hicks' transferring the notes. An examination of the record shows there was sufficient evidence upon which the trial court could base the finding. It appears that plaintiff was indebted to Hicks and that in a settlement or casting of accounts between them, plaintiff's consent to the use of the notes in suit resulted. The evidence is not as clear and satisfactory on the questions of fact at issue as it might have been, but it appears to us to be one of those cases which go to justify the rule that the trial court, hearing and seeing the witnesses, can come to a much more correct conclusion on the facts than can an appellate court.

Vol. 86 app—31

The instructions given for defendant were plain propositions of law based on hypothesis of fact and were properly given. Much of the law urged on our attention by plaintiff is indisputable, but the difficulty with his case is that on points of fact disputed in evidence the court has found against him.

The judgment will be affirmed. All concur.